UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

CIVIL ACTION NO: 07-110 S

CARL AMARAL,
Plaintiff,

v.

LOWE'S HOME CENTERS, INC.,
Defendant.

**ANSWER AND JURY DEMAND OF DEFENDANT, LOWE'S HOME CENTERS, INC.**

The defendant, Lowe's Home Centers, Inc. ("Lowe's"), responds to the plaintiff's Complaint paragraph by paragraph as follows:

1. Lowe's is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1.

2. Lowe's admits the allegations contained in Paragraph 2.

3. Lowe's is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3.

4. Lowe's is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4.

5. Lowe's denies the allegations contained in Paragraph 5.

6. Lowe's is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6.

7. Lowe's denies any negligence on behalf of its employee and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 7.

8. Lowe's denies the allegations contained in Paragraph 8.

WHEREFORE, Lowe's denies that the plaintiff is entitled to judgment or relief in any amount.

**FIRST AFFIRMATIVE DEFENSE**

The plaintiff's Complaint fails to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

Lowe's denies each and every allegation of the plaintiff's Complaint except as specifically admitted above.

**THIRD AFFIRMATIVE DEFENSE**

Lowe's is was not negligent.

**FOURTH AFFIRMATIVE DEFENSE**

Lowe's says that the injury or damages complained of was caused in whole or in part by the negligence of the plaintiff, and that the plaintiff's damages, if any, must be diminished in proportion to the amount of negligence attributable to the plaintiff.

**FIFTH AFFIRMATIVE DEFENSE**

If the plaintiff suffered injuries as alleged, such injuries were a result of the plaintiff's breach of duty to exercise due care to protect and ensure the plaintiff's own safety.

**SIXTH AFFIRMATIVE DEFENSE**

The damages the plaintiff alleges were caused in whole or in part by the plaintiff's own negligence.

**SEVENTH AFFIRMATIVE DEFENSE**

If the plaintiff was injured as alleged, such injuries were due to the intervening or superseding acts or negligence of another, for which Lowe's is not liable.

**EIGHTH AFFIRMATIVE DEFENSE**

The plaintiff's alleged injuries and damages were not proximately caused by Lowe's.

**NINTH AFFIRMATIVE DEFENSE**

If the plaintiff suffered damages as alleged, someone for whose conduct Lowe's was not and is not legally responsible caused such damages.

**TENTH AFFIRMATIVE DEFENSE**

Lowe's reserves the right to add such other and further defenses as become apparent during the course of discovery.

**JURY DEMAND**

Lowe's demands a trial by jury as to all issues.

Defendant,
Lowe's Home Centers, Inc.,
By its Attorney,

/s/ Paul Sullivan

______________________________

Paul Sullivan
Morrison Mahoney LLP
121 South Main Street, Suite 600
Providence, Rhode Island 02903
(401) 331-4660 Telephone
(401) 351-4420 Facsimile
pvsullivan@morrisonmahoney.com

Dated: April 11, 2007

## CERTIFICATE OF SERVICE

I hereby certify that an exact copy of the within document was electronically mailed to the Electronic Case Filing system of the United States District Court for its distribution to all counsel of record, this 11th day of April, 2007.

/ s / Paul Sullivan